951 F.2d 1258
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Earl D. CLARK, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.
 Nos. 90-9013, 90-9014.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1991.
 
 Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant, Earl D. Clark, challenges a United States Tax Court decision disallowing claimed deductions on his 1983 and 1984 federal tax returns for business activity as an author. The tax court found that Clark's effort to write a book about Abraham, while employed as an associate at a Salt Lake City law firm, was a labor of love rather than an activity engaged in for profit within the meaning of 26 U.S.C. § 183(a). Rec., vol. I, doc. 17 at 10.
 
 
 3
 We may reverse the decision of the tax court only if its determination of the taxpayer's lack of a bona fide profit objective is clearly erroneous. See Burger v. C.I.R., 809 F.2d 355, 358 (7th Cir.1987) (applying standard to section 183 determination); King v. United States, 545 F.2d 700, 705 (10th Cir.1976) (applying standard to district court determination in tax case). In this case the critical question is "not ... whether the taxpayer expected a profit, but instead ... whether the taxpayer engaged in the activity with the objective of making a profit." Dreicer v. C.I.R., 665 F.2d 1292, 1299 (D.C.Cir.1981). The tax court had the opportunity to assess the credibility of the witnesses, and on the basis of the record we are unable to say that its determinations were clearly erroneous.
 
 
 4
 We AFFIRM the decision of the tax court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3